IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00921-CMA-BNB

EMILIANO GOMEZ, and
TAMMI GOMEZ,

Plaintiffs,

v.

ALLSTATE PROPERTY AND CASUALTY COMPANY,

Defendant.

---

**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL
AND/OR PROPRIETARY INFORMATION**

---

In order to safeguard any confidential or proprietary information involved in this case, and to ensure that no matters revealed during the discovery process are disclosed to non-parties, except pursuant to the terms of this Protective Order,

IT IS HEREBY ORDERED that a Protective Order be entered on the following terms:

1.      The discovery served in this litigation may require the disclosure of materials that contain confidential and/or proprietary information. All materials which disclose the contents or substance of such information, including documents produced or exchanged in the course of this litigation, pleadings, motions, interrogatory answers, other discovery responses and testimony given in depositions, shall be deemed "Protected Material" pursuant to the terms of this Order.

2.      Protected Material shall be used solely for the purposes of this litigation and not for any other litigation and not for any business or other purposes whatsoever. Protected

Material shall not be revealed, disclosed or made available for inspection and copying to any person, except under the terms of this Protective Order or as required to be disclosed by law or Court order.  Protected Material may be designated "CONFIDENTIAL."

3. As used in this Protective Order, the "producing party" means any party who either produces Protected Material or asserts a confidentiality interest in information produced by another in this action.

4. The producing party may designate Protected Material as "CONFIDENTIAL" by marking the material with the words "CONFIDENTIAL."

5. <u>No person</u> other than:

    (a) the parties to this case;

    (b) counsel of record who have entered an appearance in this case (which shall be deemed to include other attorneys from the law firm of counsel of record, counsel's legal assistants, secretaries and other employees);

    (c) attorneys assisting counsel of record with this litigation who have not entered an appearance in this case;

    (d) any person (and his or her counsel) from whom testimony under oath is taken at a deposition, trial or other evidentiary hearing in connection with this case;

    (e) court personnel and court reporters; and

    (f) consultants or experts retained or consulted by any party in connection with this case and persons working directly under their supervision shall be permitted to have access to any Protected Material designated as "CONFIDENTIAL" under the terms of this Protective Order without the

      prior written consent of the producing party or their counsel or by order of the Court; provided that prior to showing any confidential document or disclosing any material designated as "CONFIDENTIAL" to any person identified in categories (c), (d), and (f) above, counsel shall first require such person to execute a Confidentiality Agreement in the form attached as Exhibit "A."

6.  If counsel for either party believes it is necessary in preparation of the case to reveal Protected Material to persons who are not otherwise entitled to see such information in accord with Paragraph 6 of this Protective Order, then counsel who wishes to disclose such Protected Material shall first seek the consent of the opposing counsel. If such consent is granted, then counsel wishing to use such information shall ensure that those individuals to whom Protected Material is disclosed are first made aware of the provisions of this Protective Order and agree to be bound by its terms by executing a Confidentiality Agreement in the form attached hereto as Exhibit "A". If such consent is not given, the party seeking to disclose the information may seek resolution from this Court, with notice to all affected parties, and shall bear the burden of establishing the need to disclose material beyond the terms of this Protective Order.

7.  Signed Confidentiality Agreements shall be retained by counsel for the party who wishes to make a disclosure of Confidential Information until further order of the Court.

8.  During a deposition in this litigation, any party's counsel may designate on the record that a specified part of the testimony and/or any document is "CONFIDENTIAL" Protected Material and subject to the provisions of this Protective Order. If testimony given during a deposition is designated as Protected Material, counsel that made such designation may

request that all persons, other than the court reporter, counsel, the witness, and any other person who is permitted to review such information pursuant to the terms of the Protective Order, leave the deposition room during the confidential portion of the deposition. Within thirty days after receipt of the transcript, counsel for any party may specifically designate those portions of the deposition and exhibits as Protected Material by notifying all parties, in writing, of the specific pages and lines of the transcript or exhibits which contain "CONFIDENTIAL" and Protected Material. Parties shall attach a copy of such written statement to the face of the transcript and each copy thereof in their possession, custody or control. Within thirty days after receipt of the transcript, counsel for any party may specifically designate those portions of the deposition and exhibits as Protected Material by notifying all parties, in writing, of the specific pages and lines of the transcript or exhibits which contain "CONFIDENTIAL" and Protected Material. Parties shall attach a copy of such written statement to the face of the transcript and each copy thereof in their possession, custody or control.

9. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as Protected Material consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

10. **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~The Clerk of this Court is directed to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this litigation by any party to this action which are, in whole or in part, designated as Protected Material, including all pleadings, deposition transcripts, trial transcripts, exhibits, discovery responses, or memoranda purporting to reproduce or paraphrase such information. The Protected Material shall be filed in sealed envelopes or other appropriately sealed containers which shall be endorsed with the title~~

~~of this action, an indication of the nature of the contents of such sealed envelopes or other containers, the word "CONFIDENTIAL" and a statement in substantially the following form:~~

> ~~This envelope contains documents which were filed in this case by (name of party or name of deponent) and is not to be opened or the contents thereof displayed or revealed except by Order of this Court.~~

~~11. In the event that a party wishes to use, refer to, or characterize any Protected Material in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Protected Material contained therein shall be filed and maintained under seal by the Court. The producing party may move the Court to establish such further conditions and safeguards as may be necessary to protect against disclosure of Protected Material in open court.~~

12. Insofar as the provisions of this Protective Order restrict the use or communication of any document or information produced hereunder, this Protective Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the producing party or further order of this Court with respect to dissolution or modification of this Protective Order, and the Court shall retain jurisdiction of all parties bound hereby for the purposes of this Protective Order.

13. Parties designating information as "CONFIDENTIAL" under the terms of this Protective Order shall do so in good faith, and the opposing party's failure to challenge the propriety of such designation immediately shall not preclude a subsequent challenge thereto. **A party may object to the designation of particular "CONFIDENTIAL" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" to file an**

**appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" and shall not thereafter be treated as "CONFIDENTIAL" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL".** ~~In the event that any party to this litigation seeks to challenge any confidentiality designation or otherwise seeks to challenge any other action taken by another party in applying the terms of this Protective Order, then counsel for the parties shall first try to dispose of such dispute in good faith on an informal basis. If no agreement is reached, the producing party shall promptly seek resolution of the dispute from this Court and shall bear the burden of establishing the confidentiality of the material involved. The other party shall agree to treat the disclosed information as either "CONFIDENTIAL" per the designation pending further order of the Court.~~

  14. This Protective Order shall not constitute a waiver by the parties of any objection which might be raised as to the admissibility of any evidentiary materials. This Protective Order shall be without prejudice to the rights of any party to oppose production of any information for lack of relevance or for any other ground.

  15. This Protective Order shall not be construed to prevent any party from using its own Protected Material in any manner it chooses, or to prevent the introduction of any Protected

Material into evidence at any trial of this case (subject to any objections as provided by Paragraph 14).

      16.    In the event that a party is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process) to disclose any of the Protected Material received pursuant to this Order, such party promptly shall provide counsel of record for the producing party with written notice of the receipt of any such request or requirement so that the producing party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Order.  If the person seeking to maintain confidentiality does not move for a protective order within the time allowed for the discovery sought by such process (or within such time as a court may direct or as may be agreed upon by the producing party and the person issuing such process) or give written notice of such motion to the person issuing such process and the person to whom the process is directed, the person to whom the process is directed may commence production in response thereto on the date designated for such production.  Provided however, that in the event a protective order is not obtained and the person to whom the process is directed responds to the requested production, such person may disclose only that portion of the Protected Material which such person is required by law to disclose.  In the event that a party seeking to maintain the confidentiality of Protected Material does move for a protective order within the time allowed for the discovery sought by such process, the person to whom the process is directed shall cooperate with the moving party's efforts to obtain a protective order by acknowledging that they either stipulated to the entry of this Order or executed an Acknowledgment pursuant to the terms thereof, that the requested documents have been

designated as confidential by the producing party and that they came into that person's possession subject to this Protective Order.

17. If Protected Material is inadvertently disclosed or produced without designation as "CONFIDENTIAL" the producing party's inadvertent production of such material shall not be deemed a waiver of, or estoppel as to, any claim of confidentiality under this Order which the producing party would otherwise be entitled, provided the producing party notifies the other parties of such inadvertent disclosure within thirty (30) days after discovery of the inadvertent production. The other party shall agree to treat the disclosed information as either "CONFIDENTIAL" per the designation and shall also promptly take all reasonable measures to ensure that no further unauthorized disclosure or use of such confidential information, or information contained therein, is made.

18. If discovery is sought from third parties in connection with this litigation, and this discovery would require a third party to disclose and/or produce Protected Material, that third party may gain the protections of this Protective Order through a written agreement by that third party to produce documents or information pursuant to this Order and to be bound by it. Under such agreement, the parties to this litigation will be bound by this Order with respect to all Protected Material produced by that third party.

19. On final determination of this litigation, including all appeals, each party or other person subject to the terms hereof shall, at the request of the producing party, destroy all materials and documents constituting Confidential Information or all copies, summaries and abstracts thereof, and all other materials, memoranda or documents embodying data concerning said materials and documents constituting Confidential Information and certify such destruction by letter to the producing party or non-party within thirty (30) days of receiving the request of

the producing party.  The Court will have continuing jurisdiction to enforce this Order through this litigation and following its conclusion.  The parties agree that any such enforcement proceedings will, subject to the schedule and approval of the Court, be determined on an expedited basis.

      Dated January 24, 2013.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge

      AGREED AND STIPULATED this _____day of _____, 2012.

_____    _____
Michael P. Cross, #38294                        Richard A. Orona, #35299
Ogborn, Summerlin & Ogborn, LLC       HARRIS, KARSTAEDT, JAMISON & POWERS, P.C

ATTORNEYS FOR PLAINTIFFS          ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Civil Action No. 12-cv-00921-CMA-BNB

EXHIBIT A
<u>UNDERTAKING</u>

STATE OF COLORADO    )
                    ) ss
COUNTY OF _____ )

    I, _____, being first duly sworn, state that:

    1.    My address is _____
_____.

    2.    My present occupation or job description is _____
_____.

    3.    I have received a copy of the Stipulated Protective Order signed by District Court Judge _____ on _____ in the case of *Emiliano Gomez, et al. v. Allstate Property and Casualty Company.*

    4.    I have carefully read and understand the provisions of the Stipulated Protective Order, will comply with all of its provisions, will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any designated Protected Document or any summaries, abstracts or indices of any Protected Document disclosed to me, and will return all Protected Documents and summaries, abstracts or indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am retained.

                                                                             _____

  Subscribed and sworn to before me this _____ day of _____, 2013, by _____
_____.

Witness my hand and official seal.

My commission expires: _____.

                                                                           _____
                                                                                 Notary Public

    Dated this _____ day of _____, 2013.